# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| NOEL V., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security,[1] <br><br> Defendant. | No. ED CV 19-00270-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Noel V. ("Plaintiff") appeals from the Social Security Commissioner's final decision rejecting his applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[2] For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed with prejudice.

---

[1] Under Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Andrew Saul is hereby substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this action.

[2] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

# I. BACKGROUND

Plaintiff applied for DIB on December 1, 2011, and for SSI on December 13, 2011. See Dkt. 16, Administrative Record ("AR") 460, 464. In both applications, Plaintiff alleged disability beginning February 21, 2007. See id.

After being denied initially and on reconsideration, Plaintiff received a hearing before an Administrative Law Judge ("ALJ") on August 7, 2014. See AR 32-57. On November 18, 2014, the ALJ concluded that Plaintiff was not disabled. See AR 149-60.

On June 7, 2016, the Appeals Council remanded the matter for further proceedings. See AR 165-69. In its remand order, the Appeals Council directed the ALJ to offer Plaintiff the opportunity for a supplemental hearing, obtain additional medical evidence, and give further consideration to Plaintiff's maximum residual functional capacity ("RFC"). See id.

On August 10, 2017, a second hearing took place with a different ALJ. See AR 58-97. Plaintiff appeared and testified at the hearing, along with an impartial vocational expert ("VE"). See id.

On December 6, 2017, the ALJ concluded that Plaintiff was not disabled. See AR 15-25. The ALJ followed the five-step sequential evaluation process for determining whether an individual is disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. See AR 18. At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar and thoracic spine, degenerative joint disease of the bilateral hips, status post arthroscopy of the left knee, and deep venous thrombosis. See id. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. See AR 19.

Before reaching step four, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.976(b) with certain additional limitations. See AR 19. At step four, the ALJ determined that Plaintiff was able to perform his past relevant work as a tax preparer (DOT 219.362-072) as actually and generally performed, and as a property manager (DOT 186.167-046) as generally performed. See AR 24-25. Accordingly, the ALJ denied benefits. See AR 25.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-6. This action followed. See Dkt. 1.

## II. LEGAL STANDARD

A district court will set aside a denial of Social Security benefits only when the ALJ decision is "based on legal error or not supported by substantial evidence in the record." Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1035 (9th Cir. 2003). "Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988) (citations and internal quotation marks omitted).

## III. DISCUSSION

The parties dispute whether the ALJ erred in assessing Plaintiff's RFC and subjective symptom testimony. See Dkt. 21, Joint Stipulation ("JS") at 5.

### A. RFC Determination

A claimant's RFC is the most a claimant can still do despite his or her limitations. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). An RFC assessment is ultimately an administrative finding reserved to the Commissioner. See id. §§ 404.1527(d)(2), 416.927(d)(2). However, in determining the RFC, the ALJ must consider "all of [the claimant's] medically

determinable impairments," as well as "all of the relevant medical and other evidence." Id. §§ 404.1545(a)(2)-(3), 416.945(a)(2)-(3).

Here, the ALJ concluded that Plaintiff had the RFC to perform light work with the following limitations:

> [Plaintiff] is able to lift and/or carry, push and pull 20 pounds occasionally and 10 pounds frequently; he is able to stand and walk six hours out of an eight-hour day; he is able to sit six hours out of an eight-hour day; he is occasionally able to bend, kneel, stoop, crouch, and crawl; he is occasionally able to climb ramps and stairs; and he is never able to climb ladders, ropes, or scaffolds.

AR 19. In making his RFC finding, the ALJ gave "great weight" to the opinions of consultative examiners Drs. Payam Moazzaz and David T. Easley. AR 23. The ALJ gave "partial weight" to the opinions of the State agency medical consultants, who, like the examining doctors, found Plaintiff capable of light work with some postural limitations. AR 24.

Plaintiff complains that the ALJ ignored the medical evidence. See JS at 5-8. He states that the ALJ's RFC assessment "defies common sense," as an individual with Plaintiff's limitations "would not be capable of performing and persisting at light work activity." Id. at 8. But Plaintiff does not explain his contention that the ALJ did not account for his impairments. To the contrary, the ALJ explicitly considered the evidence regarding Plaintiff's degenerative disc disease, hip and knee problems, and deep vein thrombosis, and accounted for these impairments in the RFC. See AR 22 (including limitations due to degenerative disc disease of the lumbar and thoracic spine), id. (including limitations due to degenerative joint disease of the bilateral hips), id. at 22-23 (including limitations due to status post arthroscopy of the left knee), id. at 23 (including limitations due to deep vein thrombosis). Plaintiff does not

4

otherwise detail what physical limitations follow from the medical evidence besides the limitations already listed in the RFC. See Valentine v. Comm'r SSA, 574 F.3d 685, 692 & n.2 (2009) ("We reject any invitation to find that the ALJ failed to account for [claimant's] injuries in some unspecified way.").

Plaintiff also suggests the ALJ's RFC "makes no sense" because it is "essentially identical" to the prior ALJ's disability decision, JS at 8-9, which the Appeals Council remanded with instructions to consider recent treatment records that showed Plaintiff's back condition "may be more severe than previously found in the hearing decision," AR 168. Although both RFCs were set at a light exertion level, the more recent included several additional limitations. Compare AR 155 (first RFC), with AR 19 (second RFC). Plaintiff does not explain what additional limitations were warranted nor point to any specific treatment records or medical source opinions that suggested he is incapable of light work. See Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001) ("At step four, claimants have the burden of showing that they can no longer perform their past relevant work.").

In any event, the ALJ properly accounted for the updated treatment records. The ALJ noted that, between 2014 and 2016 some examinations revealed tenderness to palpation and restricted range of motion, whereas others revealed normal findings and no tenderness, along with consistent negative straight leg raise tests. See AR 21 (citing AR 705, 708, 740, 752, 866, 871, 874, 877, 880, 883, 886, 889-90. With respect to Plaintiff's back, the ALJ noted that a doctor recommended surgery, but that Plaintiff did not follow through, and that Plaintiff reported pain relief from medication, sitting, and epidural injections. See AR 22 (citing AR 865, 870, 873, 876, 885, 888). The ALJ also gave "great weight" to the opinion of Dr. Easley, who saw Plaintiff in 2016. AR 23 (citing AR 710-22). Dr. Easley performed a complete consultative orthopedic evaluation, which revealed some tenderness and reduced range of

5

motion, but no sacroiliac joint or sciatic notch tenderness, no evidence of bruits, no muscle spasms, no loss of lordosis, and negative straight leg raising. See AR 21 (citing AR 712). Even assuming some of the more recent treatment records favored Plaintiff, "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Remand is not warranted on this claim of error.

**B.**  **Subjective Symptom Testimony**

Plaintiff briefly argues that the ALJ improperly rejected his testimony about his pain. See JS at 13-16. He states that the ALJ failed to cite "any substantial evidence that in any way discredits or contradicts Plaintiff's statements." Id. at 16.

Where, as here, there is no evidence of malingering, "the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Comm'r of SSA, 169 F.3d 595, 599 (9th Cir. 1999). "The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Id. "In this regard, questions of credibility and resolutions of conflicts in the testimony are functions solely of the Secretary." Id.

The ALJ first explained that Plaintiff's treatment records were generally inconsistent with his allegations of disabling physical impairments. See AR 20-23. Specifically, the ALJ considered evidence related to Plaintiff's spine, hips, left knee, and deep vein thrombosis, and concluded that they were not totally disabling. See id. Plaintiff (correctly) points out that lack of medical evidence cannot be the sole reason for discounting pain testimony, see Bunnell v. Sullivan, 947 F.2d 341, 346-47 (9th Cir. 1991) (en banc), but does not directly challenge the ALJ's findings and thus does not show any error.

The ALJ also discredited Plaintiff based on his activities of daily living. "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting." Molina v. Astrue, 674 F.3d 1104, 1112-13 (9th Cir. 2012) (citations and internal quotation marks omitted).

Here, the ALJ found that despite Plaintiff's allegations of disability, he "retains the ability to perform all his activities of daily living, albeit at a slower pace than in the past." AR 20. Substantial evidence supports this finding. The record shows that Plaintiff's activities included driving, cooking, performing house and yard work, shopping, attending church, doing laundry, using a computer to look for available jobs, and assisting others with property management duties. See AR 46-50, 506-09. The extent of these daily activities undermined his claims that he could not focus or concentrate on even small tasks, which prevented him from returning to his job as a tax preparer. The ALJ also reasonably inferred that Plaintiff's level of activity conflicted with his testimony that he was severely limited by his pain medications.

Plaintiff broadly complains that his testimony has been consistent throughout this action. See JS at 14-15. That may be so, but the ALJ did not discredit Plaintiff based on inconsistent testimony. Because the ALJ's adverse credibility determination was supported by specific, clear, and convincing reasons, it is upheld.

///
///
///
///
///
///

## IV. CONCLUSION

The decision of the Social Security Commissioner is affirmed and this case is dismissed with prejudice.

IT IS SO ORDERED.

Date:  February 28, 2020

DOUGLAS F. McCORMICK
United States Magistrate Judge